UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOLLINS MILLS,

    Plaintiff,

-vs-                                                          Case No.  8:11-cv-299-T-30AEP

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et. al.,

    Defendants.
_____/

**ORDER**

        Plaintiff, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a civil rights complaint (Dkt. 1), a motion to proceed in this action *in forma pauperis* (Dkt. 2), a Prisoner Consent Form and Financial Certificate (Dkt. 3), and a motion for appointment of counsel (Dkt. 4).  On February 23, 2011, the Court dismissed the largely indecipherable complaint without prejudice to Plaintiff filing an amended complaint (see Dkt. 5).  Subsequently, Plaintiff filed an amended complaint (Dkt. 6), an amended motion for leave to proceed in this action *in forma pauperis* (Dkt. 7), an amended motion to appoint counsel (Dkt. 8), and two motions to compel discovery (Dkts. 9-10).

        Like his original complaint, Plaintiff's amended complaint is largely indecipherable. Nevertheless, it appears Plaintiff alleges that defendants have embezzled millions of dollars from his prison trust account, including funds deposited by a famous celebrity.  An *in forma*

*pauperis* complaint is considered frivolous if "the plaintiff's realistic chances of ultimate success are slight." *Harris v. Menendez*, 817 F.2d 737, 740 (11th Cir. 1987) (internal citations omitted). If the Court determines that the factual allegations are "clearly baseless," the complaint can be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Clearly baseless allegations are those which are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

The Court finds that the allegations of the amended complaint are clearly baseless. Moreover, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Taylor v. McSwain*, 335 Fed. Appx. 32, 34 (11th Cir. 2009) (unpublished opinion) ("[A] state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.") (citing *Hudson*, 468 U.S. at 533). Therefore, "a prisoner's cause of action based on unauthorized deprivation of property by a state actor is not actionable under section 1983 unless there is no adequate post-deprivation remedy available." *Laufgas v. Speziale*, 263 F. App'x 192, 198 (3d Cir. 2008).

The amended complaint does not allege that the remedies under Florida law are inadequate. Further, "[u]nder the law of Florida, 'law enforcement officers may be liable for conversion' for the seizure or retention of personal property." *Case v. Eslinger*, 555 F.3d

1317, 1331 (11th Cir. 2009) (quoting *E.J. Strickland Constr., Inc. v. Dep't of Agric. & Consumer Servs. of Fla.*, 515 So. 2d 1331, 1335 (Fla. 5th DCA 1987)). Accordingly, Plaintiff is not entitled to relief under § 1983.

### Conclusion

For the foregoing reasons, the Court finds that, pursuant to 28 U.S.C. § 1915A(b)(1), this action must be dismissed.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's amended complaint (Dkt. 6) is **DISMISSED** as frivolous.

2. The Clerk of Court is directed to terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 11, 2011.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*